UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>GARY HECKEL,<br><br>                    Defendant. | CR. 22-50141-JLV<br><br>SCHEDULING AND CASE<br>  MANAGEMENT ORDER |

**READ THIS ORDER – DEADLINES HAVE CHANGED**

In order to comply with the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and to set forth orderly progression dates, it is

ORDERED that the following deadlines shall apply in this case:

| | |
|---|---|
| Suppression/voluntariness motions | October 4, 2022 |
| Responses to motions due | Within seven days after motion is filed |
| Subpoenas for suppression hearing | Ten days prior to suppression hearing |
| Suppression/voluntariness hearing before Judge Daneta Wollmann[1] | If necessary, to be held prior to October 18, 2022 |
| Applications for Writ of Habeas Corpus Ad Testificandum | October 21, 2022 |
| Other motions/continuance motions | October 21, 2022 |
| Responses to motions due | Within seven days after motion is filed |

---

[1]If a suppression hearing is set, an order will be entered vacating all subsequent dates to allow the court time to resolve the motion.   Upon resolution of the motion, a new scheduling order will be entered.

| Produce all records, recordings and reports associated with Fed. R. Evid. 412, 413 and 415 and experts under Rule 702 | October 21, 2022 |
|---|---|
| Subpoenas for trial | October 28, 2022 |
| Plea agreement or petition to plead and statement of factual basis | October 28, 2022 |
| Notify court of status of case and file a joint notice of speedy trial calculation | October 28, 2022 |
| Motions *in limine* | October 28, 2022 |
| Proposed jury instructions due | October 28, 2022 |
| File <u>Daubert</u>[2] challenges to experts | October 28, 2022 |
| Response to motions *in limine* and proposed jury instructions due | November 2, 2022 |
| <u>Daubert</u> hearing, if needed | Monday, November 7, 2022 at 9 a.m. |
| Pretrial conference | Monday, November 7, 2022 at 9 a.m. |
| Jury Trial | Tuesday, November 15, 2022 at 9 a.m. |

IT IS FURTHER ORDERED that pursuant to the Due Process Protections Act, Pub. L. No. 116-182, 116th Cong., 2d Sess. (October 21, 2020) (codified at Fed. R. Crim. P. 5(f)), the United States is obligated to disclose to the defendant all exculpatory evidence–that is, evidence that favors the defendant or casts doubt on the government's case as required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny, as well as impeachment evidence as required by <u>United States v. Bagley</u>, 473 U.S. 667 (1985), and its progeny.   Failure to disclose exculpatory or impeachment evidence in a timely manner may result in consequences, including but not limited to exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary actions or sanctions by the court.

---

[2]<u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 592 (1993).

1.  Proposed jury instructions, with citations to authority, shall be filed.   Submit only substantive instructions pertaining to the law of the case; do not submit standard or boilerplate instructions.

2.  No motions shall be entertained unless they are accompanied by a reasoned memorandum setting forth the precise issues to be considered by the court, together with an explanation of the relevant law to the particular facts of the case.   The filing of "boilerplate" motions or memoranda will not satisfy this requirement.   Responses to motions shall set forth specific points of law, together with supporting authorities relied upon.

3.  Counsel for the parties shall confer, prior to the filing of motions, in order to reach agreement upon all pretrial motions, including motions for discovery and disclosure.   The government provides a stipulation form to implement the court's standing discovery order.

4.  Upon request of the defendant, the plaintiff shall forthwith comply with Rule 16(a)(1)(A)-(E).

5.  If the defendant requests disclosure under Rule 16(a), such defendant shall, upon request of the plaintiff, forthwith comply with Rule 16(b).

6.  The government shall timely furnish all materials required by Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).

7.  Any written statements of plaintiff's witnesses discoverable under the Jencks Act, 18 U.S.C. § 3500, shall be furnished to the defendant unless the government demands strict compliance with the Jencks Act.

8.  It will be the responsibility of defense counsel to notify defense witnesses not to report if the case **does not** go to trial.

9.  In the event a party fails to comply with the provisions of this order, the court may strike a motion, refuse to permit oral argument, rule against the offending party, impose fine, award payment of attorney's fees, or proceed in such other manner as justice requires.

10.  Upon a showing of good cause, the court may permit exceptions to the rules set forth in this order.

11.  Counsel is responsible for client's prompt attendance at all hearings and trial.

12.  If either party believes that an interpreter is necessary for a court proceeding, counsel shall notify the Clerk of Court in writing.   The notice shall specify whether an interpreter is needed for the defendant or a witness.   If interpreter services are needed for more than an hour, counsel shall give the Clerk of Court at least two weeks' notice.   If interpreter services are needed for less than an hour, counsel shall give the Clerk 48 hours' notice.

13.    In the event the defendant files a motion for continuance of the trial date set forth in this scheduling and case management order or subsequent scheduling orders, defense counsel must certify in the motion that the defendant concurs in the continuance request and within fourteen (14) days shall file with the clerk a written consent to such continuance and waiver of the Speedy Trial Act signed by the defendant.

14.    Counsel may make a motion requesting a copy of the jury list five (5) days in advance of an upcoming trial.

Dated September 14, 2022.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE